IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-4896 |
| | : | |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC. et al | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                           June 14, 2024

      Before us is a question of specific personal jurisdiction.  Defendants Anthem Health Plans of Virginia, Inc. and HealthKeepers, Inc. provide insurance to individuals in Virginia.  Some of these individuals received medical treatment in Pennsylvania from plaintiff Abira Medical Laboratories (doing business as Genesis Medical Laboratories).  Abira says that when the individual members made that choice, it amounted to purposeful availment by defendants in Pennsylvania.  Hence, the key question is whether the medical treatment received by defendants' members in Pennsylvania — and the contacts defendants had with Pennsylvania related to that treatment — are sufficient to establish specific personal jurisdiction over them in this action.  An interesting question, but not a new one.  Several judges in this district have evaluated complaints from plaintiffs against similarly situated defendants and concluded that personal jurisdiction is lacking.[1]  We agree with these judges and grant defendants' motion to dismiss for lack of personal jurisdiction.

---

[1] *See e.g.*, *Abira Med. Labs., LLC v. Anthem Blue Cross Blue Shield Missouri, et al.*, No. 23-cv-4940, DI 20 (E.D. Pa. April 19, 2024) (Beetlestone, J.); *Abira Med. Labs., LLC v. Vantage Health Plans, Inc.*, No. 24-412, 2024 U.S. Dist. LEXIS 61904 (E.D. Pa. April 4, 2024) (Younge, J.); *Abira Med. Labs., LLC v. Molina Healthcare of Fla., Inc.*, No. 24-506, 2024 U.S. Dist. LEXIS 47966 (E.D. Pa. March 19, 2024) (Younge, J.); *Abira Med. Labs., LLC v. Johns Hopkins*

I.       **Factual Background**

Abira alleges that defendants "intentionally and unlawfully refused to pay [p]laintiff for services rendered." DI 1 at 2. These services include "clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services . . . on behalf of [defendants'] subscribers/members, for numerous patient[] locations throughout the State of Virginia" that Abira provided as an "out-of-network provider." *Id.* at 3-4. Abira alleges that medical providers referred defendants' members to Abira for treatment and/or services, which were rendered in Pennsylvania. DI 22 at 8. Once these services were provided, Abira sent invoices to defendants seeking payment. DI 22 at 4-5. Abira and defendants reportedly communicated about payment for these invoices, and defendants allegedly "repeatedly breached the [c]ontract by either failing to respond at all to properly submitted claims or, for those claims in which defendants did choose to respond, regularly refusing to pay and/or underpaying claims." DI 1 at 9.

In its opposition to defendants' motion to dismiss, Abira grouped (and recharacterized) the alleged contacts with Pennsylvania into three categories. DI 22 at 8. Construing the materials in the light most favorable to Abira, we assume the following: 1) continuous and routine communications between Abira and defendants for three years; 2) collection of patients' specimens by third-party medical providers selected by defendants' members "and their voluntary decisions to forward those specimens" to Abira in Pennsylvania; and 3) Abira's rendering of laboratory services and "submittance of claims" to defendants for three years. *Id.*; DI 22-1. Abira also varies from the complaint to argue that medical providers — those that were

---

*Healthcare LLC*, No. 19-5090, 2020 U.S. Dist. LEXIS 118395 (E.D. Pa. July 7, 2020) (Brody, J.).

2

selected by and provided care to defendants' members — constitute defendants' agents.  *Id.*; DI 22-1 at ¶¶ 14, 20, 28.[2]

## II. <u>Analysis</u>

Defendants filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  The Fourteenth Amendment of the Constitution prohibits courts from "assert[ing] personal jurisdiction over a nonresident defendant who does not have 'certain minimum contacts with the forum'" so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 436-37 (3d. Cir. 1987) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Minimum contacts "must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state."  *Id.*  Pennsylvania law gives courts jurisdiction over out-of-state defendants "to the maximum extent allowed by the U.S. Constitution."  *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d. Cir. 2020).

When a defendant asserts a lack of personal jurisdiction — and the defendant is not essentially at home in the forum state[3] — the plaintiff must establish that the court has specific jurisdiction over the defendant through affidavits or other competent evidence.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d. Cir. 2009).  There is a three-part test for this.  *Danziger & De Llano,* 948 F.3d at 129.  First, the defendant must have "'purposefully directed

---

[2] Defendants argue that Abira improperly used its opposition to amend the complaint, adding an agency theory argument.  DI 26 at 3-4.  Because even Abira's purportedly new arguments fail to establish personal jurisdiction, we do not address whether Abira's inclusion of these arguments in the opposition was proper.

[3] Defendants argue that we lack general personal jurisdiction, DI 19-1 at 7, which Abira did not dispute.  DI 22 at 7-10.

its activities' at the forum." *Id. (*quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316-17 (3d Cir. 2007)). Second, the plaintiffs' claims must "'arise out of or relate to' the defendant's activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Third, the court's exercise of personal jurisdiction "must not 'offend traditional notions of fair play and substantial justice.'" *Id.* at 130 (quoting *International Shoe Co.*, 326 U.S. at 316).

For contract claims, a plaintiff must show that defendants' contacts with the forum were instrumental in the formation of the contract or its breach. *Id.* For intentional torts, the defendant "must have 'expressly aimed' its tortious conduct at the forum to make the forum the focal point of the tortious activity." *Id.* (quoting *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). Notably, for any claim, unilateral activity by the plaintiff or another party "is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum [s]tate to justify an assertion of jurisdiction." *Helicopteros*, 466 U.S. at 417.

Under the standards for each of Abira's claims — contract and intentional tort — defendants lack contacts with Pennsylvania sufficient for us to exercise personal jurisdiction. Defendants did not purposefully avail themselves of Pennsylvania. Defendants are Virginia corporations that do not have property, offices, or bank accounts in Pennsylvania. DI 19 at 4. Defendants do not directly advertise into Pennsylvania or solicit individuals or groups from Pennsylvania to purchase health insurance, nor do they have any plans to expand their business into Pennsylvania. *Id.* At most: defendants shared communications with Abira (who was in Pennsylvania); defendants' members' specimens were sent to Abira in Pennsylvania (as an out-of-network provider) by medical providers, not defendants; and defendants received claims from

4

Abira for laboratory services rendered by Abira in Pennsylvania. *See infra* Part II. These facts do not show that defendants' contacts in Pennsylvania were "instrumental" in their alleged wrongs, much less that defendants "expressly aimed" their conduct at Pennsylvania. *See Danzinger & De Llano*, 948 F.3d at 130. All the connections to Pennsylvania alleged by Abira were initiated by Abira or third parties — not defendants.

The declaration of Abraham Miller, which Abira uses to establish defendants' contacts with Pennsylvania, references no action taken directly by defendants that was targeted at Pennsylvania. Instead, the declaration references contacts initiated by Abira (e.g., invoicing sent by Abira), DI 22-1 at ¶ 10; actions taken by defendants' members (e.g., patients signing an assignment of benefits for testing), *id.* at ¶¶ 18-19; and actions taken by medical providers that Abira claims constitute defendants' agents (e.g., submission of laboratory specimens by defendants' members' medical providers), *id.* at ¶¶ 14, 20, 28. Under *Helicopteros*, unilateral activity by the plaintiff or another party is not relevant for specific personal jurisdiction. 466 U.S. at 417. Therefore, the first and second categories of contacts described above are not relevant to our analysis. The first category of alleged contact — invoicing and related communications — was initiated by Abira. DI 22-1 at ¶ 10. The second category of alleged contact — patients assigning benefits to Abira — was initiated by third parties, defendants' members. *Id.* at ¶¶ 18-19. Neither of these categories were initiated by defendants and therefore cannot form the basis for personal jurisdiction over defendants. *Helicopteros*, 466 U.S. at 417.

That leaves us with only the third category of alleged contact with Pennsylvania: actions taken by medical providers, which allegedly constitute defendants' agents. DI 22 at 8; DI 22-1 at ¶¶ 14, 20, 28. Abira alleges that these medical providers represented "that they were members of the [d]efendants' network of physicians and medical service providers," that the patients were

5

covered by defendants' insurance policies, and that the providers "had the authority on behalf of [d]efendants to refer those patients" to Abira and "bind the [d]efendants to services to be rendered by [Abira] in . . . Pennsylvania."  DI 22 at 8.  Abira cites Mr. Miller's declaration as support for these allegations.  Mr. Miller avers that he "conferred" with defendants' members' medical providers who confirmed that patients were "covered by policies of insurance issued by [d]efendants, and that they had the authority on behalf of [d]efendants to refer those patients" to Abira.  DI 22-1 at ¶¶ 14-17.

Assuming all these allegations are true, there are at least two major problems with Abira's approach.  First, Abira does not cite legal authority that personal jurisdiction can be established through an agency relationship or that medical providers can legally serve as agents of insurance companies.  Abira would have needed to at least include factual allegations demonstrating a manifestation of consent by defendants that the agents could act for them. *Phillips v. Andrews*, 128 Fed. Appx. 935, 937 (3d. Cir. 2005); *see also Vinco Ventures, Inc. v. Milam Knecht & Warner, LLP*, No. 20-6577, 2021 U.S. Dist. LEXIS 184695, at *36 (E.D. Pa. Sept. 27, 2021) (dismissing certain defendants for lack of personal jurisdiction after finding plaintiff "fail[ed] to set forth any allegations, let alone evidence, to support the existence of an agency relationship"); *Myelle v. American Cyanamid Co.*, No. 92-5243, 1993 U.S. Dist. LEXIS 3977, at *21 (E.D. Pa. Mar. 30, 1993) (reasoning that "the proposition that the mere existence of an agency relationship satisfies the minimum contacts requirement, without more, holds no water").

Second, we are not persuaded that a medical provider's representation to Abira in this context can confer personal jurisdiction over defendant.  We agree with Judge Brody's analysis in a similar matter: "Rather than deliberately targeting the forum state, defendant merely allowed

defendants' [m]embers to choose physicians who, in turn, chose to send members' specimens to [Abira] for laboratory testing services in Pennsylvania. The deliberate contact with Pennsylvania was two degrees removed from [defendant] itself." *Abira Med. Labs., LLC v. Johns Hopkins Healthcare LLC*, No. 19-5090, 2020 U.S. Dist. LEXIS 118395 (E.D. Pa. July 7, 2020). Even in this third category, defendants' contacts with Pennsylvania were a result of the unilateral activity of another party — its insured members' medical providers. So, under *Helicopteros* and its progeny, the contacts cannot establish personal jurisdiction. 466 U.S. at 417.

Finally, the complaint raises an argument that the Employee Retirement Income Security Act of 1974 ("ERISA") created "relaxed jurisdictional requirements" for Abira. DI 1 at 3. However, Abira does not enumerate claims under ERISA, nor carry this jurisdictional argument into its opposition to defendants' motion to dismiss, so it does not affect our analysis. *Id.* at 8-12; DI 22.[4]

## III. Conclusion

We agree that Abira has failed to establish that we have personal jurisdiction over defendants. Therefore, we grant defendants' motion to dismiss and dismiss all claims against Anthem Health Plans of Virginia, Inc. and HealthKeepers, Inc. We also dismiss all claims against unnamed defendants with leave to amend.

---

[4] Defendants provide several arguments for why ERISA is not applicable here, which we do not need to evaluate at this time since Abira did not effectively plead such claims. DI 19-1 at 19-20.